**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **I.D.:** 1708000373 |
| v. | ) | |
| | ) | |
| **TERNELL HENDERSON,** | ) | |
| | ) | |
| Defendant. | | |

**Submitted:** April 13, 2025
**Decided:** May 6, 2025

## <u>ORDER</u>

*On Defendant's Motion for Correction of an Illegal Sentence*

## **DENIED**

This 29th day Of April, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Ternell Henderson ("Henderson"), it appears to the Court that:

1. Henderson pled guilty to Manslaughter on June 20, 2018.[2] At the time that the Defendant pled guilty, the parties believed that Defendant was eligible to be declared a habitual offender under 11 *Del. C.* §4214(b). A presentence investigation was ordered. Before Defendant pled, it was discovered that the Defendant was not eligible to be declared a habitual offender under 11 *Del. C.* §4214(b) but was eligible under Section 4214(c) which meant that he faced a

---

[1] Docket Item ("D.I.") 28.
[2] D.I. 20.

minimum mandatory sentence of 12.5 years at Level V under §4214(c). Rather than withdrawing the guilty plea in light of the mistake involving the application of §4214(b), the parties agreed that the state would not seek to declare Henderson to be a habitual offender and, in exchange, Henderson agreed not to request less than the 12.5 years of Level V time that the Court would have been required to impose had the state filed a habitual application. The State also agreed to recommend 12.5 years at Level V.[3] Henderson was subsequently sentenced on October 12, 2018 to the agreed upon 12.5 years at Level V, followed by twelve (12) years and six (6) months at Level IV Home Confinement, suspended after six (6) months, followed by two (2) years at supervision Level III.

2. Manslaughter is a Class B Felony.[4] The SENTAC guidelines at the time of Henderson's sentencing in 2018 gave a presumptive sentence of two (2) to five (5) years at Level V.[5]

3. In the instant Motion, Henderson moves this Court for a review of his sentence under Rule 35(a) which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[6]

---

[3] D.I. 24.
[4] 11 *Del. C.* §632.
[5] 2018 SENTAC Benchbook p. 38.
[6] Del. Super. Ct. Crim. R. 35(a).

4. Relying on *Erlinger v. United States* and its predecessors, Henderson argues the sentencing judge unconstitutionally determined Henderson's sentence should exceed the presumptive guidelines based on aggravating factors of 'repetitive criminal conduct' and 'undue depreciation of the offense.'[7]  Henderson contends the aggravating factors are additional facts which he did not freely admit by his guilty plea.[8]  Henderson asks the Court to find that the sentencing judge improperly enhanced Henderson's sentence based on additional facts discovered by a preponderance of the evidence and to modify his sentence accordingly.[9]

5. According to the SENTAC guidelines, "the court may impose a sentence outside the standard sentence range for that offense if it finds that there are substantial and compelling reasons justifying an exceptional sentence."[10]  The Delaware Supreme Court and proceeding case law firmly support the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[11]  Provided that the sentencing judge supports their deviation from

---

[7] D.I. 28 ¶¶ 9-10.
[8] *Id.* ¶¶ 10, 13.
[9] *Id.* ¶¶ 11-12, 16.
[10] 2018 SENTAC Benchbook p. 132.
[11] *See Siple v. State*, 701 A.2d 79, *2 (Del. 1997); Delaware Supreme Court Admin. Directive No. 76.

the guidelines with substantial and compelling reason, the sentence may deviate from the SENTAC guidelines.[12]

6. Henderson's sentencing judge did not decide on additional facts when ordering Henderson's sentence. The sentencing judge abided by the parties' agreement that the Level V time should be 12.5 years which was the amount of time the Court would have been required to impose if the guilty plea had been withdrawn and the parties had proceeded under the correct subsection of 4214. The sentencing judge used discretion in accordance with the SENTAC guidelines to note aggravating factors that served substantial and compelling reasons for the sentence given. There is simply no constitutional right, as argued by Henderson, that the SENTAC aggravators and/or mitigators must be decided by a jury. This is especially the case given the unique circumstances of how the parties arrived at the agreement that each side would not ask for more or less than 12.5 years at Level V.

7. Based on the above reasons, Henderson's Motion for Modification of an Illegal Sentence is **DENIED**.

**IT IS SO ORDERED.**

   */s/ Francis J. Jones, Jr.*   
Francis J. Jones, Jr., Judge

cc:   *Original to the Prothonotary*
      Andrew Vella, Deputy Attorney General
      Ternell Henderson, JTGVCC, SBI No. 00434422

---

[12] *See Benge v. State*, 2004 WL 2743431 (Del. 2004).